IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No.  05-1182-MLB |
| ) | |
| CHERYL A. EDDY; FRANK EDDY; ) | |
| STORM EDDY, ) | |
| ) | |
| Defendants ) | |

## JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE

Now on this 7th day of December, 2005, this matter comes before the Court for entry of judgment.  The United States appears by Laurie K. Kahrs, Assistant United States Attorney for the District of Kansas.  There are no other appearances.

The court, upon examining its files and pleadings therein, finds:

1.  The Complaint in this action was filed on June 14, 2005.  The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and the real estate that is the subject of this action.

2.  A Notice of Lawsuit and Request for Waiver of Service of Summons and a copy of the complaint was served on defendant Cheryl Eddy by mail on June 15, 2005, in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.  The Waiver of Service of Summons was signed by defendant Cheryl Eddy on June 22, 2005.  Service is hereby approved by the court.

3.  The United States caused to be published in *The Derby Daily Reporter*, a newspaper of general circulation in Sedgwick County, Kansas, once a week for six consecutive weeks, a Notice of Suit directed to defendants Frank Eddy and Storm Eddy, the Notice being in all respects in compliance with the Federal Rules of Civil Procedure and sufficient to give due notice to defendants Frank Eddy and Storm Eddy and that defendants Frank Eddy and Storm Eddy have not answered or otherwise plead by the deadline set out in the Notice of Suit.  Service is hereby approved by the court.

4. Plaintiff has no information to indicate that the defendants named herein are infants or incompetent persons. The United States' Attorney's Office for the District of Kansas has accessed the Defense Manpower Data Center (DMDC) and was informed by the DMDC that defendant Cheryl Eddy, Frank Eddy and Storm Eddy are not on active military duty within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

5. Defendants Cheryl Eddy, Frank Eddy and Storm Eddy have failed to answer or otherwise appear and are in default.

6. Defendant Cheryl Eddy on or about June 27, 1996, made and executed a Promissory Note to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service (RHS), United States Department of Agriculture, in the amount of $58,500.00, with interest thereon at the rate of 6.75 percent per annum. As consideration for the note, the plaintiff made a Rural Housing loan to Cheryl Eddy pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

7. Defendant Cheryl Eddy, to secure the payment of the Promissory Note described in paragraph 6 above, did on or about June 27, 1996, execute and deliver to the plaintiff a real estate mortgage upon certain real estate in Sedgwick County, Kansas, to wit:

> The East 15 feet of Lot 9, and all of Lots 10 and 11, Block 2, College Hill Addition, Mulvane, Sedgwick County, Kansas.

The mortgage was recorded in the office of the Register of Deeds of Sedgwick County, Kansas on June 27, 1996, and constitutes a first and prior lien on the afore described property.

8. Plaintiff is the owner and holder of the promissory note and real estate mortgage described in paragraphs 6 and 7, above.

9. Defendant Cheryl Eddy has failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage. The plaintiff has accelerated the indebtedness and made demand for payment in full. Payment has not been received.

10. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162, the real estate mortgage, also secured the recapture

of interest credit or subsidy granted to the defendant Cheryl Eddy. The total amount of interest credit or subsidy subject to recapture is $8,397.12.

11. There is currently due and owing plaintiff, under the provisions of the promissory note and real estate mortgage, a balance of $60,650.78 principal; $12,042.17 interest as of May 5, 2005, plus interest accruing thereafter at the daily rate of $11.1326; and $8,397.12 interest credit or subsidy subject to recapture.

12. No other action has been brought for the recovery of the amount owed, nor any part thereof been paid except as indicated above.

13. The plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

14. The interests of the defendants herein are junior and inferior to the interests of plaintiff.

15. The default of the conditions of plaintiff's mortgage described in paragraph 7 hereof occurred before one-third of the original indebtedness secured by the mortgages was paid, therefore, pursuant to K.S.A. § 60-2414, Subsection (m), defendant Cheryl Eddy has a three month right of redemption.

16. The security real estate has been abandoned.

17. If the Court finds after hearing, either before or after the sale of the property described in paragraph 7 above, upon not less than 21 days notice to all parties, that the property has been abandoned, the period of redemption for defendant may be extinguished by the court.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this court are hereby made the order of this court.

IT IS FURTHER ORDERED that the United States is granted judgment against Cheryl A. Eddy in the principal sum of $60,650.78, plus $12,042.17 interest, as of May 5, 2005, plus interest accruing thereafter at the daily rate of $11.1326; plus $8,397.12 interest credit or subsidy subject to recapture; plus administrative costs of $263.30, plus filing fees allowed pursuant to 28 U.S.C. §

2412(a)(2), plus interest thereafter at the rate set forth in 28 U.S.C. § 1961, which is 4.34%, plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the real estate.

IT IS FURTHER ORDERED that in the event the judgment herein is not satisfied within ten (10) days of the filing of this journal entry, the Clerk shall, upon proper praecipe being filed by the United States, issue an order of sale on the judgment of foreclosure directing the United States Marshal to advertise and separately sell, with three months right of redemption to defendant Cheryl Eddy, unless such redemption rights are extinguished by the court, subject to any unpaid real property taxes or special assessments, the real estate described herein at the front door of the Sedgwick County Courthouse, Wichita, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of the sale by the Court, and out of the proceeds of the sale of the real property, the Clerk shall pay and satisfy in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on plaintiff's judgment;

(4) Plaintiff's judgment against the defendant, Cheryl Eddy;

(5) The balance, if any, be brought into this Court to await its further order.

The United States Marshal, at his option, may employ the services of an auctioneer. In the event the United States Marshal does employ the services of an auctioneer, the auctioneer shall be paid from the proceeds of the sale.

IT IS FURTHER BY THE COURT ORDERED that the United States Marshal for the District of Kansas make and execute to the purchaser of the property at sale a Certificate of Purchase. At the expiration of the redemption period, the United States Marshal for the District of Kansas shall make and execute a good and sufficient Marshal's Deed for the property. Provided,

however, that in the event the Court extinguishes defendant's right of redemption before the sale, the United States Marshal shall then make and execute to the purchaser of the property at sale, a good and sufficient Marshal's Deed for the property, and defendants herein, and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that the United States, should it be the successful bidder at the Marshal's Sale, may make payment through offset of its judgment and shall not be required to present cash unless its bid exceeds the amount of its judgment plus the interest due on the date of sale. In the event the bid of the United States exceeds the amount of its judgment plus the interest, it need only present cash for the excess thereof. A sale to the United States upon such payment shall be deemed a sale for cash.

IT IS FURTHER ORDERED that in the event any purchaser of the real property is denied possession thereof, a writ of assistance, upon the filing of a proper praecipe therefor, shall issue out of this court, placing the purchaser in peaceable possession thereof.

IT IS FURTHER ORDERED that if the proceeds of the Marshal's Sale do not satisfy plaintiff's judgment against the defendant Cheryl A. Eddy, plaintiff is hereby granted a deficiency judgment against the defendant for any amount still owing on the judgment after the sale.

s/Monti Belot

MONTI L. BELOT
UNITED STATES DISTRICT JUDGE

APPROVED BY:

ERIC F. MELGREN
United States Attorney


**s/Laurie K. Kahrs**
LAURIE K. KAHRS, Ks.S.Ct.No. 17249
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 269-6481
(316) 269-6484 (FAX)
Laurie.Kahrs@usdoj.gov